IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-76,193-02






EX PARTE LOUIS FRANCIS McINTYRE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 05-1542-CR-B IN THE 274th DISTRICT COURT

FROM GUADALUPE COUNTY





Per curiam.


O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to twenty years' imprisonment. He did not appeal
his conviction. 

 Applicant contends that his plea was involuntary because it was based upon the erroneous
advice of trial counsel. In support of this allegation, the Applicant has included an affidavit filed by
trial counsel, as part of a motion for new trial, in which counsel states the plea in this case was
involuntary. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court, after allowing counsel an opportunity to respond, shall make findings of fact
and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 8, 2012

Do not publish